IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

COREY CHARLES SCOTT,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           )        CV 322-012
                                  )
JERMAINE WHITE, Warden, and       )
KAREN THOMAS, Unit Manager,       )
                                  )
          Defendants.             )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Telfair State Prison ("TSP"), commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      SCREENING THE AMENDED COMPLAINT**

**A.      BACKGROUND**

Plaintiff names the following Defendants:  (1) Jermaine White, TSP Warden, and (2) Karen Thomas, TSP Unit Manager.  (Doc. no. 18, pp. 1-2.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On August 3, 2021, Plaintiff alleges while he was in his cell awaiting morning inspection, he began calling out to Defendant White, who Plaintiff had spotted on the top range, to come to

his cell so that Plaintiff could discuss a death in his family.  (Id. at 6.) While continuing to urgently call to Defendant White, Plaintiff noticed Defendant Thomas appear on the top range and begin speaking with Defendant White.  (Id.)  "Next thing [Plaintiff] knew," Defendant Thomas was at his cell door, slid open the tray flap, and sprayed a chemical agent on Plaintiff as he was down on one knee waiting to talk through the tray flap.  (Id.)  Defendant Thomas closed the tray flap and left.  (Id.)  No camera was used during the incident, as is required by prison policy.  (Id.)

Defendants White and Thomas left Plaintiff in his cell and never returned to take him to a decontamination area or for a medical examination.  (Id. at 7.)  Plaintiff spoke with unidentified correctional officers and a pill call nurse about needing medical attention after the chemical agent had been sprayed on him, but no one took him to the medical department.  (Id.)  When improperly denying Plaintiff's grievance, Defendant White "admit[ed] to instructing Unit Manager Mrs. Thomas to unlawfully deploy chemical agent upon [Plaintiff] without having a real justification for the use of force."  (Id. at 8.)  All of Defendants' actions violated multiple prison regulations concerning the use of force, including decontamination rules.  (Id.)  As relief, Plaintiff seeks monetary damages and requests both Defendants be terminated from their jobs at TSP.  (Id. at 5.)

B.    **DISCUSSION**

1.    **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction

does not mean that the Court has a duty to re-write the amended complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> ### 2.      Plaintiff Fails to State a Claim Based on Investigation of Grievance

To the extent Plaintiff alleges Defendant White wrongfully denied his grievance, Plaintiff fails to state a valid claim for relief.  Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*).  Thus, any claim a Defendant mishandled Plaintiff's grievance or improperly denied a grievance fails to state a claim upon which relief may be granted.  See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . .  A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).   Therefore, Plaintiff fails to state a claim against Defendant White based on the denial of a grievance.

> ### 3.      Plaintiff Fails to State a Claim Based on Alleged Violation(s) of Prison Regulations

To the extent Plaintiff also complains prison regulations were not followed for employing a chemical agent, including subsequent decontamination rules, or handling his grievance, he fails

to state a constitutional claim.  An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (*per curiam*) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. Act. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation(s) concerning a prison regulation.

To the extent Plaintiff may be attempting to state a separate constitutional claim about the failure to follow decontamination procedures after he was sprayed, including providing for a medical examination, he also fails to connect either named Defendant to the alleged violation.  Beyond suggesting a medical examination and/or decontamination is part of a prison regulation concerning use of a chemical agent, Plaintiff does not allege either Defendant was responsible for, or directly involved in any decision to withhold treatment.  See Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); see also Hartley v.

Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) ("Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."). Indeed, Plaintiff specifically alleges both Defendants left and never came back to his cell. (Doc. no. 18, pp. 6-7.) Rather, Plaintiff says only that he was unable to get medical attention after he notified other, unnamed prison officials about his physical issues following the use of a chemical agent. (Id. at 7.) Such allegations are insufficient to support a deliberate indifference claim against the named Defendants. See Melton v. Abston, 841 F.3d 1207, 1220, 1223 (11th Cir. 2016)(*per curiam*) (describing objective and subjective component of Eighth Amendment claim, including a defendant's personal, subjective awareness of a serious risk to the plaintiff's health).

### 4. Plaintiff Fails to State a Claim for Official Capacity Monetary Damages

To the extent Plaintiff is attempting to sue Defendants in their official capacities, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, any official capacity claims against Defendants for monetary relief fail as a matter of law and should be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** all claims concerning (1) Defendant White's rejection of Plaintiff's grievance, (2) any alleged violation(s) of a prison regulation or concomitant Eighth Amendment claim regarding decontamination rules, and (3) official capacity monetary damages, be **DISMISSED** for failure to state a claim upon which relief may be granted. By separate Order, the Court

directs service of process on Defendants White and Thomas for alleged use of excessive force.

SO REPORTED and RECOMMENDED this 23rd day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA